UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARRYL LAWSON, ) <br> ) <br>       Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JACOB HEFFINGTON et al., ) <br> ) <br>       Defendants. ) <br> ) | 3:14-cv-00571-RCJ-WGC <br><br> ORDER |

This case arises out of a car accident in a Wal-Mart parking lot. Pending before the Court is a Motion to Remand (ECF No. 4). For the reasons given herein, the Court denies the motion.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Darryl Lawson was injured on April 4, 2013 when Defendant Jacob Heffington negligently drove a vehicle in front of him in a Wal-Mart parking lot. (*See* Compl. ¶¶ 8–13, ECF No. 1, at 10). Plaintiff sued Heffington and Heffington's employer, Paragon Geophysical Services, Inc. ("PGS"), whose vehicle Heffington was driving, for negligence in state court. (*See id.* ¶ 9). PGS removed. Heffington does not appear to have been served. Plaintiff has moved to remand based on the amount in controversy.

## II. LEGAL STANDARDS

Assuming complete diversity between the parties, federal courts have jurisdiction over state claw claims where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Where a complaint specifies no precise amount of damages, a removing defendant bears the

burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

### III.  ANALYSIS

Plaintiff adduces an April 14, 2014 demand letter counsel sent to PGS in which counsel listed Plaintiff's medical bills to date as $8289.40. However, counsel in that letter also noted that it would settle the case for $75,000.00, indicating that the case is in fact worth at least that much in Plaintiff's view. The letter tends to show that counsel will ask a jury for at least that much, and Plaintiff is in fact more than likely to recover at least that much if a jury were to accept Plaintiff's claims that he is entitled to past and future medical bills, past and future loss of income, and past and future general damages, i.e., "extreme anguish, pain and suffering" based on injuries to, *inter alia*, his spine, as he has prayed for in the Complaint. (Compl. ¶¶ 4–5).[1]

### CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 4) is DENIED.

IT IS SO ORDERED.

Dated this 19th day of November, 2014.

_____
ROBERT C. JONES
United States District Judge

---

[1] Consideration of a demand letter as evidence of the amount in controversy does not offend Evidence Rule 408. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 & n.3 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. We reject the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy.").